IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| John D. Hatcher;<br>Rachel Shaluly;<br>James F. Gilbert;<br>Molly A. Miller;<br>Michael Stehmey, *individually and as*<br>*members of the Architectural*<br>*Committee of Mill Creek Estates*,<br><br>     Plaintiffs,<br><br>  vs.<br><br>Ron Ferguson *also known as*<br>Ronald J Ferguson,<br><br>     Defendant. | Civil Action No. 6:14-3820-GRA-KFM<br>[Re: Case No. 2013-CP-23-1810]<br><br><br>**REPORT OF MAGISTRATE JUDGE** |

    The above-captioned case was removed from the Court of Common Pleas for Greenville County on September 30, 2014. The defendant, who is proceeding *pro se*, paid the filing fee of four hundred dollars ($400) (Receipt No. SCX600006637). In an order (doc. 9) filed in this case on October 1, 2014, the undersigned apprised the defendant that he must keep the court and opposing counsel notified if his address changes.

    On October 30, 2014, the plaintiffs filed the Answers to Rule 26.01 Interrogatories (doc. 14) and their Rule 26(f) Report (doc. 15). On November 17, 2014, the plaintiffs filed a motion to remand to state court (doc. 18) on the grounds that, in the above-captioned case, there is no federal question jurisdiction and no diversity jurisdiction and that the removal was not timely filed. The plaintiffs served the motion to remand upon the defendant (doc. 18-1). The defendant has not responded to the plaintiffs' motion to remand.

A defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. 28 U.S.C. § 1441. Various federal courts have held that the removal statutes are to be construed against removal jurisdiction and in favor of remand. *See*, *e.g.*, *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990) (collecting cases).

Generally, a case can be originally filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Bulldog Trucking,* 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A Notice of Removal must be filed by a defendant in the state court action within thirty days after the complaint in state court is served or within thirty days *after* the case becomes removable. *See* 28 U.S.C. § 1446; *Heniford v. Am. Motors Sales Corp.*, 471 F. Supp. 328 (D.S.C. 1979), *appeal dismissed*, 622 F.2d 584 (4th Cir. 1980).

Case No. 2013-CP-23-1810 was filed on April 1, 2013, by counsel for the plaintiffs (doc. 1-3 at 1–8). In the complaint filed in state court, the plaintiffs alleged that the defendant had failed to comply with restrictive covenants (*id*. at 5–8). The various documents submitted by the parties do not show when the defendant was served, but it

2

appears that he was served sometime in April 2013, because he filed an answer with counterclaims on or about May 1, 2013. *Murphy Bros., Inc. v. Michael Pipe Stringing, Inc.*, 526 U.S. 344, 353–56 (1999) (thirty-day removal period does not start to run until defendant is served). Even assuming that the defendant was served with the summons and complaint in Case No. 2013-CP-23-1810 on April 30, 2013, the defendant had until May 30, 2013, to remove this case.

The state court complaint is based on an alleged violation of restrictive covenants, which is essentially a breach of contract action. *See Taylor v. Lindsey*, 498 S.E.2d 862, 863 (S.C. 1998); and *Kinard v. Richardson*, 754 S.E.2d 888, 893 (S.C. Ct. App. 2014) ("Therefore, covenants, in a sense are contractual in nature and bind the parties thereto in the same manner as would any other contract. Restrictive covenants are construed like contracts and may give rise to actions for breach of contract.").

In the Notice of Removal, the defendant contends that this case became removable on September 3, 2014, when the plaintiffs sought a motion to compel in the state court case. There is no diversity jurisdiction in the above-captioned case because the plaintiffs are citizens of South Carolina and the defendant is a citizen of South Carolina. As a result, complete diversity of parties is lacking. *See* 28 U.S.C. § 1332; *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806). The filing of a motion to compel did not change the underlying breach of contract nature of the state court case or change the case into one having complete diversity of parties, as was the situation in *Heniford*, 471 F. Supp. at 332–34.

When considering the issue of whether "federal question" jurisdiction is present, a federal court is not bound by the parties' characterization of a case. *See Cruel v. Cnty. of Greenville*, 617 F. Supp. 2d 436, 438 (D.S.C. 2007); *see also Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908); and *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 115 (1936) ("Not every question of federal law emerging in a suit is proof that

3

a federal law is the basis of the suit."), where the Supreme Court rejected the contention that a contract action based on state law was sufficient to confer federal question jurisdiction.

There is no federal question or diversity jurisdiction in the above-captioned case. Although the plaintiffs' motion to remand is tardy because it was not filed within thirty days after the Notice of Removal, this federal court must still remand the case to the Court of Common Pleas for Greenville County. *Cruel*, 617 F. Supp. 2d at 438 ("A Plaintiff may object to the removal of a case, as Plaintiff has done here, however, even if a plaintiff fails to object to a Notice of Removal within thirty days after the Notice of Removal is filed, a federal district court must still remand the case to state court if there is no federal question jurisdiction or diversity jurisdiction.").

Based on the foregoing it is recommended that the district court grant the plaintiffs' motion to remand to state court (doc. 18). The attention of the parties is directed to the notice on the next page.

Kevin F. McDonald
United States Magistrate Judge

December 12, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).