UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| John D. Hatcher, Rachel Shaluly, James F. Gilbert, Molly A. Miller, and Michael Stehney, *individually and as members of the Architectural Committee of Mill Creek Estates*,<br><br>Plaintiffs,<br><br>v.<br><br>Ron Ferguson, *also known as* Ronald J. Ferguson,<br><br>Defendant. | C.A. No. 6:14-cv-03820-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before this Court for review of United States Magistrate Judge Kevin F. McDonald's Report and Recommendation ("the Report") made in accordance with 28 U.S.C. § 636(b)(1)(B), and filed on December 12, 2014. ECF No. 21.

## BACKGROUND

The Plaintiffs originally filed this case in the Court of Common Pleas for Greenville County on April 1, 2013, alleging failure to comply with restrictive covenants. ECF No. 1-3 at 5-8. The Defendant filed an answer with counterclaims on May 1, 2013. *Id.* at 9. On September 30, 2014, the Defendant then removed the action to this Court, pursuant to 28 U.S.C. § 1441. ECF No. 1. The Plaintiffs filed a Motion to Dismiss from Federal Court and Remand to State Court on November 17, 2014. ECF No. 18. Magistrate Judge McDonald then made a careful review of the

Motion and now recommends that this Court grant the Motion. ECF No. 21. Thereafter, on January 5, 2015, the Defendant filed an objection arguing that "this court is vested with jurisdiction to resolve" this matter. ECF No. 24 at 14. The Plaintiffs filed no objections. For the reasons discussed herein, this Court adopts the Magistrate Judge's Report in its entirety and grants the Motion.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d

44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). In this case, January 5, 2015 was the deadline for filing objections. ECF No. 21. The Defendant filed an objection on January 5, 2015. ECF No. 24.

## **DISCUSSION**

The Defendant seemingly objects to the Report's finding that "[t]here is no federal question . . . jurisdiction in [this] case." ECF No. 21 at 4. The Defendant makes two arguments in this regard. First, Defendant claims "there is no 'person' with standing to bring a suit, allege any type of damages or seek relief." *Id.* at 6. The argument seemingly being that questioning whether standing exists equates to a federal question for jurisdictional purposes. Second, Defendant cites to the Fourteenth Amendment and argues federal question jurisdiction exists because any state court mandated mediation would violate his constitutional rights. *Id.* at 7-11. Under the well-pleaded complaint rule, the plaintiff's complaint is determinative of federal jurisdiction. In other words, the federal question must be clear from the face of the complaint and cannot be based on a federal law defense. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Accordingly, the Defendant's Fourteenth Amendment and standing defenses do not provide this court with federal question jurisdiction.

The Defendant also provides in his objections nearly three pages worth of First and Fifth Circuit case law, Senate Report findings, and federal statute citations under the heading of "Statutory Time Limits." ECF No. 24 at 11-13. The Defendant,

however, fails to make any actual objections or arguments accompanying these citations. *Id.* The Court, therefore, adopts the Report with respect to the timeliness of removal.

Finally, the Defendant objects to the identification of the parties in the Report. *Id.* at 1-2. Specifically, he argues that the Defendant is not "Ron Ferguson," but instead is actually three people: Ronald E. Ferguson, Susan M. Ferguson and Ronald J. Ferguson. *Id.* He supports this claim with the fact that "the plaintiffs' Motion to Compel lists Defendant(s) as Ronald E. Ferguson, Susan M. Ferguson and Ronald J. Ferguson." *Id.* The case that was removed to this Court is case number 2013-CP-23-1810. ECF No. 1-3 at 5. The correct case caption is inconsequential to the issue at hand.

After a thorough review of the record, this Court finds no error and that the Magistrate Judge's Report accurately summarizes the case and the applicable law. Accordingly, the Report is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Dismiss from Federal Court and Remand to State Court is GRANTED. This case is hereby REMANDED to the Court of Common Pleas for Greenville County.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

March 19, 2015
Anderson, South Carolina